IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUANE H. SCEPER,<br><br>        Plaintiff,<br><br>        v.<br><br>TRUCKS PLUS, a California Corporation; MARK R. WARNOCK,<br><br>        Defendants. | 2:09-cv-00801-GEB-EFB<br><br><u>ORDER IMPOSING SANCTIONS,<br>SETTING STATUS CONFERENCE,<br>AND OSC</u> |

        Plaintiff and his lawyer were issued an Order to Show Cause on June 24, 2009 ("June 24 OSC"), which required them to explain why sanctions should not be imposed for Plaintiff's failure to file a timely status report.  Since no timely status report was filed, the status conference was rescheduled to November 23, 2009 ("November 23 status conference"), and Plaintiff was required to file a status report no later than fourteen days prior to the November 23 status conference.

        Plaintiff and his lawyer did not respond to the June 24 OSC, nor did Plaintiff file a status report as required by the June 24 OSC, or appear at the November 23 scheduled status conference.  Since Plaintiff's counsel failed to file a timely status report, and did not respond to the June 24 OSC, Plaintiff's attorney James C. Mason and/or the Law Office of James C. Mason is sanctioned four hundred dollars ($400.00).  This sanction shall be paid to the Clerk of this Court within ten (10) days from the date on which this Order is filed by a

check made payable to the "United States Treasury."  Proof of payment of the sanction shall be filed within five (5) days of payment.  This sanction is personal to counsel or his law firm and shall not be transmitted to counsel's client.

Another status conference is scheduled to commence at 9:00 a.m. on February 16, 2009.  A status report shall be filed no later than fourteen days prior to the status conference.[1]

Further, since Plaintiff also failed to file a status report on November 9, 2009, as required by the June 24 OSC, and failed to appear at the November 23 scheduled status conference, Plaintiff and his lawyer are Ordered to Show Cause ("OSC") in a writing to be filed no later than 4:00 p.m. on December 14, 2009, why sanctions should not be imposed against Plaintiff and/or his counsel under Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely status report and to attend a status conference.  The written response shall also state whether Plaintiff or his counsel is at fault, and whether a hearing is requested on the OSC.[2]

Plaintiff shall also show cause in a writing to be filed no later than 4:00 p.m. on December 14, 2009, why this action should not

---

[1] The failure of one or more of the parties to participate in the preparation of the Joint Status Report does not excuse the other parties from their obligation to timely file a status report in accordance with this Order.  In the event a party fails to participate as ordered, the party timely submitting the status report shall include a declaration explaining why it was unable to obtain the cooperation of the other party or parties.

[2] "If the fault lies with the attorney, that is where the impact of sanction should be lodged.  If the fault lies with the clients, that is where the impact of the sanction should be lodged."  Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985).  Sometimes the faults of attorneys, and their consequences, are visited upon clients.  In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).

1  be dismissed because of his failure to comply with two orders
2  requiring that a status report be filed, failure to respond to an OSC,
3  and failure to appear at the November 23 scheduled status conference.
4  Failure to respond to this Order could result in this action being
5  dismissed for failure to comply with court orders.
6       IT IS SO ORDERED.

Dated:  November 24, 2009

_____
GARLAND E. BURRELL, JR.
United States District Judge